UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS ATCHISON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-03188 |
| ) | |
| MISTY VAUGHN *et al.*, ) | |
|     Defendants. ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiff Thomas Atchison, a prisoner at Menard Correctional Center. Plaintiff has also filed Motions for Counsel (Doc. 5, 7) and Motions for Status (Docs. 6, 9).

**I.    Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff identifies the following DeWitt County Jail Officials as Defendants: Administrator Misty Vaughn, Chief Deputy Robert Spickard, and Corrections Officers Joshua Becker and Kylie Covalesky.

Plaintiff was confined to segregation on the following dates: December 11 to 25, 2020; February 24 to March 11, 2021; and June 7 to 15, 2021. During those periods, Defendants Becker or Covalesky required Plaintiff to relinquish custody of his mattress daily from 6:30 am to 10:30 pm. In March 2021, Defendant Vaughn responded to a grievance Plaintiff submitted regarding this practice.

**C. Analysis**

A detainee "challenging the conditions of his pretrial detention need show only that a defendant's conduct was 'objectively unreasonable.'" *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (quoting *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (holding that "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose" (internal quotation marks omitted)).

Plaintiff does not state a plausible claim against Defendants Becker or Covalesky. Initially, the Court notes that Plaintiff has no constitutional right to a mattress at all times.

*See Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (concluding a pretrial detainee has "no constitutional right to confinement in comfort"); *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) ("Correctional officials are not required to provide comfortable jails, even for pretrial detainees."). Furthermore, Plaintiff does not provide facts from which the Court can infer the decision to remove the mattress was not rationally related to a legitimate nonpunitive governmental purpose. *See McClure v. Haste*, 820 F. App'x 125, 129 (3d Cir. 2020) (no legitimate penological reason for denying a mattress during the day where deprivation caused the worsening of the plaintiff's preexisting back problems).

Regarding Defendant Vaughn, Plaintiff's account only establishes that she responded to Plaintiff's grievance regarding the alleged constitutional violation. However, participation in a formal grievance process without personal involvement in the claimed deprivation, which Plaintiff does not allege, is insufficient to establish a constitutional violation under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which

it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state a claim against Defendant Spickard as he does not include the specific acts or omissions to infer a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Therefore, Plaintiff's Complaint is dismissed as it fails to state a claim against Defendants.

However, when a plaintiff's allegations in a complaint are inadequate to state a claim, a district court "should give the litigant, especially a pro se litigant, an opportunity to amend his complaint" unless doing so "would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (internal quotation marks omitted). Therefore, the Court grants Plaintiff leave to file an amended pleading. If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief …." Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amended complaint must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Mitchell v.*

*Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

## II. Motions to Recruit Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff appends one letter (Doc. 7 at 2) from a law firm declining to represent him. The Court finds Plaintiff has not demonstrated he reasonably attempted to obtain counsel, which typically requires writing to several lawyers and attaching the responses received. Accordingly, the Court denies Plaintiff's Motions for Counsel (Docs. 5, 7). With the entry of the Court's Merit Review Order, Plaintiff's Motions for status (Docs. 6, 9) are moot.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Motions for Counsel (Doc. [5], [7]) are DENIED.**

**2)** Plaintiff's Motions for Status (Docs. [6], [9]) are MOOT.

**3)** The Court DISMISSES Plaintiff's Complaint (Doc. [1]) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.

**4)** The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.

ENTERED December 28, 2023.

s/ Colleen R. Lawless

**COLLEEN R. LAWLESS**
**UNITED STATES DISTRICT JUDGE**